UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DEMETRIUS HAMPTON,
   Plaintiff,

vs.                               No. 17-4308

STEPHANIE DORETHY and
STEVE GANS,
   Defendants

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, alleges Warden Stephanie Dorethey and Grievance Officer Steve Gans have violated his constitutional rights at Hill Correctional Center based on deductions from his trust fund account. The Court notes it is difficult to follow the Plaintiff's complaint and he repeated makes reference to exhibits which are either not attached to his complaint or mislabeled. Nonetheless, Plaintiff has provided copies of Trust Fund Ledgers as well a letter from the Central District of Illinois Finance Department concerning the money owed in his cases.

1

Plaintiff says after he went to commissary around March 7, 2017, he discovered more than $100 was missing from his account. When he asked the Trust Fund Department about the missing money, he was told the deductions were for court ordered filing fees in three lawsuits filed by Plaintiff.

Plaintiff then lists a series of allegations claiming improper deductions from his Trust Fund Account. For instance, Plaintiff claims Hill Correctional Center is making payments "on a case not ordered by the court."(Comp., p. 7). However, it is clear from Plaintiff's allegations and attachments, he is confused over the fact that once he files an appeal in his District Court case, the Appellate Court assigns a different case number to the appeal. As a District Judge attempted to explain to Plaintiff in *Hampton v Hawkins*, Case No. 16-4217, once Plaintiff filed his notice of appeal, the Seventh Circuit assigned Case No. 16-3922 to his appeal only. *See Hampton v Hawkins*, Case No. 16-4217, April 28, 2017 Text Order (Judge Michael M. Mihm). Nonetheless, the Trust Fund Office was directed to make payments toward the initial filing fee AND the appellate filing fee to the Clerk of the Court in the Central District of Illinois case. [5, 16].

Plaintiff next alleges Hill Correctional Center began deducting from his Trust Fund Account twice a month for the filing fee payments in *Hampton v. Sood*, Case No. 15-1440. There is no indication in either the money received by the District Court, or the Trust Fund Ledgers provided, that Hill Correctional Center has made any payments other than those ordered by the Court on a monthly basis.

Plaintiff also believes the Warden must sign every money voucher before the Trust Fund Office can remove money from an inmate's account. It is doubtful the

2

Warden personally overseas the trust fund deductions of every inmate within the facility. Nonetheless, Plaintiff claims the Warden began taking "90 to 93 percent of plaintiff's money from his trust fund account around March 15, 2017." (Comp., p. 8). Plaintiff says the action was somehow related to the fact that the Warden was allowed to "renew" her motion for summary judgment in *Hampton v Sood*, Case No. 15-1440, in February of 2017.[1] (Comp., p. 7).

Plaintiff explains he made several attempts to obtain additional discovery in *Hampton v Sood*, Case No. 15-1440 after the motion to amend the dispositive motion was allowed, but the Warden would not provide copies and knew Plaintiff could no longer afford copies. Plaintiff further complains about the cost of obtaining a copy of his filings from the Clerk of the Court and problems obtaining requested records.

The Court notes discovery had long since closed when Defendants were allowed to amend their dispositive motions in *Hampton v Sood*, Case No. 15-1440. Therefore, Plaintiff was not entitled to additional discovery. Although Plaintiff filed two motions asking for additional time to file his response to the motion for summary judgment, he made no mention of the need for additional documents. Therefore, Plaintiff can not address any problem he had with discovery or the costs of discovery in *Hampton v Sood*, Case No. 15-1440 in the case at bar. In addition, Plaintiff has not articulated a constitutional violation based on retaliation since the money was deducted from

---

[1] The Court takes judicial notice of the fact the Defendants were allowed to amend their dispositive motions in *Hampton v Sood*, Case No. 15-1440 based on new evidence that Plaintiff did not have the fish allergy he had previously alleged. *See Hampton v Sood*, Case No. 15-1440, January 24, 2017 Text Order.

3

Plaintiff's trust fund account due to previous court orders based on filing fees Plaintiff had accumulated.

Plaintiff also claims Defendants Gans and Dorethey denied his grievances complaining about money taken from his trust fund account. However, the mere fact that a Defendant ruled against him on a grievance does not state a constitutional violation. *See George v Smith*, 507 F.3d 605, 609(7th Cir. 2007)("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Finally, Plaintiff ends his complaint with a confused, catch-all paragraph.

> The Defendants failure to follow court orders they was informed of, charging Plaintiff twice a month for court order(ed) fees, taking 90 to 93 percent of Plaintiff's money for court order fees when the order says 20 percent for each case, creating a court order and charging Plaintiff for it, charging plaintiff twice the amount for legal postage, the denial of relief after reviewing the available information when it should have be granted because Plaintiff chose to file civil suits against defendants violated Plaintiff Demetrius Hampton's rights and constituted retaliation for exercising free speech, excessive fines, and due process and eual protection of law under the 1st, 5th, 8th and 14th Amendment to the United States Constitution. (Comp., p. 9).

Plaintiff has failed to articulate a violation of his constitutional rights.

First, the Plaintiff has understated the number of cases he has filed in the Central District of Illinois and consequently the number of court orders directing the Trust Fund Office to make payments toward a filing fee. In fact, there are eight separate orders in cases in the Central District of Illinois directing the Trust Fund Office to send payments for either the initial fee in Plaintiff's case, or the appeal fee. *See Hampton v Miller*, Case No. 11-1337(initial filing fee paid, but ordered to pay $505 appeal fee on 4/9/15); *Hampton v Hawkinson*, Case No. 13-1337 (ordered to pay $350 on 8/29/13, and

4

ordered to pay $455 appeal fee on 9/25/14); *Hampton v Sood*, Case No. 15-1440 (ordered to pay $350 on 10/26/15, and ordered to pay $505 appeal fee on 2/20/18); *Hampton v Hawkinson*, Case No. 16-4217 (ordered to pay $350 on 10/12/16, and ordered to pay $505 appeal fee on 1/18/17); *Hampton v. Dorethy*, Case No. 17-4308, current case, (ordered to pay $350 on 12/1/17). While Plaintiff has made some payments toward these fees, he currently owes $3,064.86.

Second, Plaintiff is reminded the order directing a Trust Fund Office to deduct 20% of Plaintiff's proceeding month's income includes money from all sources, including gifts. *See Lucien v. DeTella,* 141 F.3d 773, 776 (7th Cir.1998); *Bates v. Thompson*, 2000 WL 1117869, at *1 (7th Cir. 2000).

Finally, and more important to Plaintiff's claims, the 20% limitation is not per month, but per case filed. In other words, the Trust Fund Office may take up to 20% for *each* case in which a filing fee is still owed. *See Bruce v. Samuels*, 136 S.Ct. 627, 631 (2017)(filing fees for multiple cases may be paid simultaneously); *Johnson v. United States Department of Justice*, 2017 WL 3008285, at *3 (N.D.Ill. July 14, 2017)(if plaintiff is proceeding pro se in two cases and plaintiff's monthly balance exceeds $10, "the trust account custodian at the facility where he is incarcerated will deduct 20% + 20%, for a total of 40%, until the filing fees… are paid in full."); *Malik v. Rankin*, 2015 WL 1004019, at *7 FN 2 (S.D.Ill. March 4, 2015)(multiple suits and appeals mean a prisoner's entire monthly income could be turned over to the courts until all fees are paid).

Consequently, the multiple payments from Plaintiff's Trust Fund Account to the Clerk of the Court were proper since they were made in response to various court orders entered in different cases filed by the Plaintiff.

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record the Plaintiff's strike in the three-strike log.

3) Plaintiff is advised he has now accumulated three strikes pursuant to 28 U.S.C. §1915(g). *See Hampton v. Hawkins*, Case No. 13-1337 (8/29/13 strike); *Hampton v Hawkinson,* Case No. 16-4217 (10/12/16 strike) in the Central District of Illinois. Therefore, if Plaintiff files any future civil complaints while he is incarcerated, he MUST abide by the following orders of the Court:

> a) If Plaintiff files a motion to proceed in forma pauperis, he MUST CLEARLY STATE that he has received three strikes pursuant to 28 U.S.C. § 1915(g). If Plaintiff fails to inform any future Court of his three strikes status for any civil litigation during his incarceration, his case will be immediately dismissed.

b) Plaintiff is advised he will not be allowed to proceed in forma pauperis in future litigation unless he can demonstrate he is under imminent danger of serious physical injury pursuant to §1915(g). .

c) Plaintiff MUST list his complete litigation history in any future complaint. Regardless of how many cases Plaintiff has filed, he will not be excused from providing his complete litigation history and failure to do so could result in the dismissal of any future complaint.

4) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). *If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.*

Entered this 19th day of March, 2018.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE